**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rock Shoghi BALDWIN, Defendant—Appellant.**

No. 09–30040.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 28, 2010.

Filed Aug. 26, 2010.

Audrey Jane Renschen, Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Fred Richard Curtner, III, Esquire, Federal Public Defender, Sue Ellen Tatter, Esquire, Assistant Federal Public Defender, Anchorage, AK, for Defendant–Appellant.

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

MEMORANDUM *

Rock Shoghi Baldwin appeals from the 151–month sentence imposed following his guilty-plea conviction for distribution of child pornography and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2). The facts are known to the parties and need not be repeated here.

Baldwin contends that the district court erred in refusing to grant any relief for the Government's refusal to file a substantial assistance departure motion pursuant to U.S.S.G. § 5K1.1. To warrant any relief, Baldwin was required to "make a substantial threshold showing that the Government's refusal to file a § 5K1.1 motion was unconstitutional, arbitrary, or breached [a] plea agreement." *United States v. Flores,* 559 F.3d 1016, 1020 (9th Cir.2009). However, Baldwin failed to make any showing below beyond his claim that he "provided substantial assistance" and "generalized allegations of improper motive." *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Furthermore, the district court did not err in concluding that there was no agreement to file a § 5K1.1 motion.[1] Because his "claim as presented to the District Court failed to rise to the level warranting judicial enquiry," Baldwin is entitled to no relief. *Id.* at 187, 112 S.Ct. 1840.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent

1. Although the parties dispute whether the standard of review should be clear or plain error, we reach the same conclusion under either standard. except as provided by 9th Cir. R. 36–3.